# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8203 | **DATE** | 3/20/2003 |
| **CASE TITLE** | Jordan vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted with respect to Plaintiff's Section 1983 claim and denied with respect to the hostile work environment claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 2 1 2003 | | 28 |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| TH✓ | courtroom deputy's initials | | date mailed notice | | |
| | | | mailing deputy initials | | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHELLY L. JORDAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 8203 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAR 2 1 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

Plaintiff has filed an all encompassing, one count Second Amended Complaint against

the Chicago Transit Authority ("CTA") alleging that Defendant engaged in racial discrimination

in violation of Title VII of the Civil Rights Act of 1964, subjected him to a hostile work

environment and violated his civil rights under 42 U.S.C. §1983. CTA seeks to dismiss the

Second Amended Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For

the reasons set forth below, Defendant's motion is granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Shelly Jordan is an African-American who is an employee of the Chicago

Transit Authority ("CTA"). (R. 20-1, Second Am. Compl., ¶¶ 1, 3.) The CTA is an Illinois

municipal corporation with offices located in Chicago, Illinois. (*Id.* ¶ 2.) Jordan was hired a

track maintenance worker for the CTA's rail lines. (*Id.*). Don McNichols was a white track

maintenance worker. (*Id.* ¶ 5.)

Jordan alleges that he and other African American track maintenance workers at the CTA

1

28

"were regularly given less favorable work assignments and responsibilities" than McNichols was given. (*Id.* ¶ 6.) He further alleges that the CTA promoted McNichols over Jordan "multiple times." (*Id.* ¶ 7.) Jordan claims that his supervisors created and/or tolerated a racially hostile work environment, and that his supervisors called him racially derogatory names. (*Id.* ¶¶ 8, 9.)

Jordan contends that the CTA discriminated against him on the basis of his race by: (1) refusing to allow him to have track maintenance responsibilities that were within his job description but less physically demanding, (2) requiring Jordan to perform manual labor rather than using a machine to perform the work, (3) assigning him more physically demanding work responsibilities than other white maintenance workers, and (4) failing to promote him and assigning him less desirable work shifts and duties. (*Id.* ¶¶ 6, 11, 21, 22.) He further alleges that the CTA's actions "were made under color of state law, as the CTA is a state created entity." (*Id.* ¶ 23.)

Jordan also claims that he has suffered anxiety attacks as a result of the environment at the CTA. (*Id.* ¶ 18.) As a result, he had to take time off from work. (*Id.*) Jordan seeks injunctive relief, lost wages, compensatory damages and costs. (*Id.* ¶ 28.)

On or about November 10, 2000, Jordan filed a race and disability discrimination charge against the CTA with the Equal Employment Opportunity Commission ("EEOC"). In the charge, Jordan checked the "cause of discrimination" boxes for "race," "retaliation" and "disability." (*Id.*, Ex. A.) He stated that the CTA refused to allow him to return to work after a physician released him to do so. (*Id.*) Further, Jordan said that he had "also been subjected to racial remarks made by a co-worker." (*Id.*) Jordan reported to the EEOC that the CTA had retaliated against him for reporting the alleged discrimination to management. (*Id.*)

2

On approximately July 25, 2001, the EEOC issued Plaintiff a right to sue letter for Title VII and/or the Americans with Disabilities Act. (*Id.*, Ex. B.) On October 25, 2001, Plaintiff filed his original pro se complaint in this case. (R. 1-1.) In his original complaint, Plaintiff alleged that the CTA had failed to promote him, had failed to reasonably accommodate his disabilities, and had discriminated against him on the basis of his race. On November 19, 2002, Plaintiff, after having an attorney appointed to represent him, filed an amended complaint alleging race discrimination, a Section 1983 violation, discrimination in violation of the American with Disabilities Act and a hostile work environment. (R. 17-1.) On December 9, 2002, Plaintiff filed a Second Amended Complaint alleging that Defendant discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, subjected him to a hostile work environment and violated his civil rights under 42 U.S.C. §1983. (R. 20-1.) Defendant seeks to dismiss the Second Amended Complaint in its entirety.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the sufficiency of a complaint; it is not designed to resolve the case on the merits. *Petri v. Gatlin*, 997 F.Supp. 956, 963 (N.D. Ill. 1997) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990)). When determining whether to grant a 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). A court must also draw all reasonable inferences in the plaintiff's favor. *Id.* A complaint should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A plaintiff cannot

satisfy federal pleading requirements, however, merely by attaching bare legal conclusions to

narrated facts which fail to outline the basis of their claims. *Perkins v. Silverstein,* 939 F .2d 463,

466 (7th Cir. 1991).

## ANALYSIS

### I.    Plaintiff's Second Amended Complaint Relates Back To The Original Complaint

A plaintiff has ninety days after receipt of a right to sue letter from the EEOC to file a

Title VII action. *See* 42 U.S.C. § 2000e-5(f)(1); *see also, Velasco v. Illinois Dept. of Human*

*Servs.,* 246 F.3d 1010, 1018 (7th Cir. 2001). The parties do not dispute that Plaintiff filed his

original complaint within the ninety day period. Instead, Defendant seeks to dismiss Plaintiff's

hostile work environment claim on the grounds that Plaintiff's original complaint filed within the

requisite time period did not contain such a claim. Defendants argue that Plaintiff's first and

second amended complaints fall outside of the ninety day time period, thus Plaintiff's hostile

work environment claim fails because it does not relate back to the original complaint pursuant

to Federal Rule of Civil Procedure 15(c)(2).

Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the

original pleading when . . . the claim or defense asserted in the amended pleading arose out of the

conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading

...." Thus, the Court will allow Plaintiff to amend his complaint to include a hostile work

environment claim if his claim arises out of the same "conduct, transaction, or occurrence" set

forth in his original complaint. *Bularz v. Prudential Ins. Co. of Am.,* 93 F.3d 372, 379 (7th Cir.

1996).

In his original complaint, Plaintiff alleges that the CTA discriminated against him on the

4

basis of his race. Plaintiff's hostile work environment claim relates directly to the facts and discrimination allegations asserted in his original complaint. Accordingly, it relates back to the original complaint and is timely.

## II. Plaintiff Exhausted His Administrative Remedies On His Hostile Work Environment Claim

As a general rule, a plaintiff suing under Title VII cannot bring claims in a lawsuit that were not included in his EEOC charge. *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). "An aggrieved employee may not complain to the E.E.O.C. of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush*, 966 F.2d at 1110. However, "because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). *See also Kristufek v. Hussman Foodservice Co., Toastmaster Div.*, 985 F.2d 364, 368 (7th Cir. 1993) ("EEOC charges are to be read broadly"). The test for determining whether a plaintiff's claims are within the scope of his EEOC charges is (1) whether "there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) whether "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500.

Defendant argues that Plaintiff's hostile work environment claim does not reasonably relate to his EEOC charge and does not arise from the allegations in the charge. Plaintiff's EEOC charge stated "I have also been subjected to racial remarks made by a co-worker."

Although this statement does not specifically state a hostile work environment claim and is not sufficiently detailed, such a claim could reasonably grow out of an EEOC investigation of the racial discrimination charge. Accordingly, Defendant's motion is denied.

## III.    Plaintiff Has Failed to State a Claim Under Section 1983

Defendant argues that the Second Amended Complaint does not allege that the CTA had an official policy or custom that is unconstitutional, and therefore fails to state a claim under 42 U.S.C. §1983. The Court agrees.

Section 1983 liability against a municipal entity like the CTA does not exist under a theory of respondeat superior. *Leatherman v. Tarrant County Narc. Intel. & Coord'n Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). In order to state a claim for Section 1983 liability, the plaintiff must allege either that (1) the municipal employee's actions were taken pursuant to an unconstitutional policy or custom of the municipality itself, or (2) the municipality granted "final decisionmaking authority" to a municipal employee." *McNabola v. CTA*, 10 F.3d 501, 509-10 (7th Cir. 1993). As the Seventh Circuit has explained, Plaintiff must allege "action by the Board or action by another decisionmaker with authority to establish official policy . . . ." *Radic v. CTA*, 73 F.3d 159, 160-61 (7th Cir. 1996). *See also McNabola*, 10 F.3d at 509-10.

Plaintiff only alleges that "the actions of the CTA complained of herein were made under color of state law, as the CTA is a state created entity." (Second Amended Complaint, ¶23). This allegation is insufficient to state a Section 1983 claim. Accordingly, Plaintiff's Section 1983 claim is dismissed.

## CONCLUSION

Defendant's motion to dismiss the second amended complaint is granted in part and denied in part. It is granted with respect to the Section 1983 claim, and denied with respect to the other claims.

DATED:  March 20, 2003

_____
AMY J. ST. EVE
United States District Court Judge